**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO 21 HEALTH AND WELFARE FUND, and BRIAN COURTIEN, in his official capacity as a fiduciary<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154<br><br>Plaintiffs<br><br>v.<br><br>GREAT MIDWEST INSURANCE COMPANY,<br>800 Gessner Rd., Suite 600<br>Houston, TX 77024<br><br>Defendant. | CIVIL ACTION NO. __________ |

**COMPLAINT**

Plaintiffs, by and through counsel, complain about Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332. All parties reside in different states and the amount in controversy exceeds $75,000.

**VENUE**

2. Venue lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff, International Union of Painters and Allied Trades District Council 21

Welfare Fund ("Welfare Fund")[1], is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from Philadelphia, Pennsylvania.

4. Plaintiff, Brian Courtien, is a trustee and fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Welfare Fund and related matters. His business address is 2980 Southampton-Byberry Road, Philadelphia, PA 19154 and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

5. The Welfare Fund and Brian Courtien are authorized collection fiduciary(ies) and agent(s) for:

(a) IUPAT District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b) IUPAT District Council No. 21, an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Effective June 1, 2022, IUPAT District Council 711 was merged into and succeeded by IUPAT District Council No. 21 and the combined entity is referred to herein as "Union." At all times relevant to this Complaint, the Union was the collective bargaining agent for the covered employees of Graboyes, LLC for work performed in Pennsylvania and New Jersey; and

(c) IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region ("Apprenticeship Fund"); the National Apprenticeship Fund; the IUPAT DC 21 Scholarship Fund ("Scholarship Fund"); District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund; IUPAT District Council No. 21 Vacation Fund; IUPAT District Council No. 21 Benevolent Fund; IUPAT District Council No. 21 Political Action Fund; and the IUPAT District Council No. 21 Industry

[1] International Union of Painters and Allied Trades is hereinafter abbreviated as "IUPAT."

Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 PA Funds"); and

(d) DC21 NJ Vacation Fund f/k/a International Union of Painters and Allied Trades District Council 711 Vacation Fund; FTI of the Mid-Atlantic Region f/k/a District Council 711 Finishing Trades Institute; New Jersey Industrial Painters Association, Inc. Industry Advancement Fund; DC21 NJ Labor Management Fund/Joint Trade Board f/k/a District Council 711 Labor Management Fund; IUPAT DC21 NJ PAC f/k/a IUPAT District Council 711 Political Action Fund; Safety Training Recognition Awards Program ("STARS"); District Council 711 Health and Safety Monitoring Fund; and District Council 21 Job Targeting Program f/k/a District Council 711 Job Targeting Program (altogether "DC 21 NJ Funds").

6. The Welfare Fund is an authorized collection agent for the Pension Fund for signatory employers within the geographic jurisdiction of the Union (i.e., Pennsylvania and New Jersey). Under this arrangement, the Welfare Fund collects all amounts owed for the Pension Plan, IPAT Annuity, LMCF, FTI, IPAC, and IUPAT (altogether with DC 21 PA Funds and DC 21 NJ Funds, "Funds") as required by the Labor Contract and forwards them on to the Pension Fund.

7. The Welfare Fund, Annuity Fund, Apprenticeship Fund, Scholarship Fund Pension Fund, and any Funds to the extent they qualify as qualified employee benefit plans under ERISA, are jointly or severally referenced as "ERISA Funds."

8. Plaintiffs maintain their principal place of business and are administered from offices located in the addresses listed in the caption. A substantial part of the events or omissions giving rise to the claims in this action occurred from transactions with the Funds' offices in this district.

9. Based on information available to the Funds, Defendant, Great Midwest Insurance Company ("GMIC"), is an insurance carrier incorporated in Delaware and maintains its headquarters in Texas at the address listed in the caption.

## FACTS

10. The allegations of Paragraphs 1 through 9 are incorporated by reference as if fully restated.

11. Graboyes, LLC ("Graboyes") is a Pennsylvania corporation with its principal place of business at 171A Rittenhouse Circle, Bristol, PA 19007.

12. Graboyes was and is bound to collective bargaining agreement(s) ("Labor Contract") with the Union requiring the payment of fringe benefits contributions and wage deductions to the Funds for hours worked or wages earned by covered workers.

13. On or about September 19, 2024, GMIC issued a surety bond in the amount of $145,000.00 to Graboyes and in favor of the Funds to secure the payment of the benefit fund contributions due under the Labor Contract. The Bond is designated as Bond No. GM239154.

14. On September 30, 2025, GMIC issued a Rider increasing the sum of the Bond to $1,091,056.00. A true and correct copy of the Bond Agreement and the Rider is attached as Exhibit 1.

15. Graboyes failed to pay Fund contributions, interest and liquidated damages of least $1,087,117.25 (the Delinquency") in accordance with the Labor Contract and Funds' respective Trust Agreements.

16. Graboyes filed for Chapter 11 bankruptcy with the Bankruptcy Court for the District Court of the Eastern District of Pennsylvania, which was docketed as Case No. 26-12458-amc.

17. On July 8, 2026, the bankruptcy court issued a Consent Order permitting the Funds to seek payment from the bond. *In Re Graboyes, LLC*, Case No. 26-12458-amc, Dkt. No. 78.

18. On June 29, 2026, the Fund Counsel mailed and emailed a letter alerting GMIC that Graboyes failed to pay all contributions owed and, through the letter, the Funds were filing a claim against the bond. A true and correct copy of the letter is attached as Exhibit 2.

19. The Fund fully cooperated with GMIC's investigation of the June 29, 2026 bond claim.

20. On September 1, 2026, GMIC denied liability for most of the bond claim.

**COUNT I - BREACH OF SURETY BOND AGREEMENT**

21. The allegations of Paragraph 1 through 20 are incorporated by reference as if fully restated.

22. The Funds gave GMIC timely notice of their claim under the Bond.

23. The Funds fully cooperated with GMIC's investigation into the bond claim.

24. GMIC is liable to the Funds at least the sum of $1,087,117.55 under the Bond and Rider.

25. GMIC has failed to pay the Fund's claim under Bond and Rider despite the timely notice of the claim and requests for payment.

26. GMIC has acted unreasonably and in bad faith in failing and refusing to pay the Funds' claims.

**WHEREFORE,** the Welfare Fund respectfully requests that the Court:

(1) Enter judgment against GMIC and in favor of the Welfare Fund in the amount of $1,087,117.25 representing the penal sum of the Bond Agreement and Rider.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate, including reimbursement to the Welfare Fund of all attorneys' fees and costs that it

incurs in this matter if GMIC's failure to pay the Bond Claim is found to have been unreasonable or in bad faith.

Respectfully submitted,

SPEAR WILDERMAN, P.C.

By: *<u>/s/ Vlad Kachka</u>*
VLAD KACHKA, ESQUIRE
PA ID 326318
230 South Broad Street, Suite 1650
Philadelphia, PA 19102
Phone: 215-732-0101
Fax: 215-732-7790
VKachka@spearwilderman.com

Date: October 17, 2026